UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER BAKER, JR.,

                    Petitioner,

   - v -                                                 9:18-CV-1048
                                                            (LEK/DJS)

THE STATE OF NEW YORK and DEBORAH
MCCULLOCH, *Executive Director, Central New
York Psychiatric Center*,

                    Respondents.
_____

**APPEARANCES:**                                **OF COUNSEL:**

CHRISTOPHER BAKER, JR.
Petitioner, *Pro Se*
C#241959
CNY PC
PO Box 300
Marcy, New York 13403

HON. LETITIA JAMES                    PRISCILLA I. STEWARD, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Respondents
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

*Pro se* Petitioner Christopher Baker, Jr., currently confined at Central New York Psychiatric Center, seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Petitioner's incarceration stems from his conviction based on a plea of guilty on March 22, 2010, for Sexual Abuse in the First Degree. Dkt. No. 11-2, State Court Record, "SR." at pp. 3-15.[2] Petitioner asserts the following grounds for habeas relief: (1) denial of a preliminary hearing, denial of jurisdictional transfer, ineffective assistance of counsel; (2) defective grand jury procedure, legally insufficient indictment, ineffective assistance of counsel; and (3) violation of statute of limitations of prosecution, and ineffective assistance. Dkt. No. 1, Pet.

On September 25, 2018, the Court ordered that Petitioner submit an affirmation explaining why the statute of limitations should not bar his Petition. Dkt. No. 4. Petitioner responded, Dkt. No. 5, and on October 30, 2018, the Court determined that it would not dismiss the Petition as untimely at that time, and that it would consider the timeliness of the Petition after Respondent had an opportunity to respond to the Petition. Dkt. No. 6.

Respondent opposes the Petition and contends that the application should be dismissed, both because it is time-barred, and because none of Petitioner's claims warrant habeas relief. Dkt. No. 11-1, Resp. Mem. of Law. Petitioner has submitted a Traverse. Dkt. No. 12. For the reasons that follow, it is recommended that this action be dismissed in its entirety.

---

[2] Citations to the state court record are to the bates numbers at the bottom of the page that are preceded by "SR."

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner pled guilty to first-degree sexual abuse on March 22, 2010, in exchange for a sentence that would not exceed four years and a post-release supervision period not to exceed ten years, retaining the right to appeal only claims that his sentence was illegal or constitutional claims that would necessarily survive a waiver. SR. at pp. 3-13. On May 17, 2010, Petitioner was sentenced to a prison term of four years, plus ten years of post-release supervision. SR. at p. 34.

Petitioner filed a notice of appeal as to his conviction on June 9, 2010, but he never perfected the appeal. *See* SR. at pp. 39 (notice of appeal) & 132 (court noting in decision on CPL § 440.10 motion that Petitioner never perfected his appeal); Traverse at p. 6[3] (admitting that he did not perfect his appeal, because he believed that he would be assigned counsel). On August 30, 2016, Petitioner filed a motion to vacate the judgment of conviction, pursuant to CPL § 440.10. SR. at pp. 40-80. Petitioner asserted the following grounds in his motion: (1) denial of preliminary hearing, denial of jurisdictional transfer, and ineffective assistance of counsel; (2) defective grand jury procedures, legally insufficient indictment, and ineffective assistance of counsel; and (3) violation of statute of limitations of prosecution and ineffective assistance of counsel. SR. at pp. 40-43. He further asserted that due to the ineffective assistance of counsel, he was forced into a plea

---

[3] Citations to the Traverse are to the pagination automatically assigned by the Court's CM/ECF system.

agreement. *Id.* The motion was denied on March 16, 2017. SR. at pp. 129-33. Petitioner sought leave to appeal the denial of his motion to the Appellate Division and to the New York State Court of Appeals; he was denied leave to appeal to the Court of Appeals on February 21, 2018. Pet. at p. 9.

## II.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). A federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

4

> Under AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: (1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? (2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? (3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)). The standard of review under section 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412. A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of established Supreme Court precedent

5

"if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(e)(1)).

### III. TIMELINESS OF THE PETITION

Respondent maintains that Petitioner's claim is time-barred under the applicable statute of limitations. *See* Resp. Mem. of Law at pp. 7-11. Under the AEDPA, a one-year statute of limitations was established for prisoners seeking federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012). For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez v. Thaler*, 565 U.S. at 150; *Saunders v.*

6

*Senkowski*, 587 F.3d 543, 547-59 (2d Cir. 2009). As Petitioner did not appeal to the state's highest court, his judgment became final when the time for seeking such review expired. *Gonzalez v. Thaler*, 565 U.S. at 150. Courts look to "state-court filing deadlines when petitioners forgo state-court appeals." *Id.* at 152.

Here, Petitioner filed a timely notice of appeal on June 9, 2010. He never took any further action on the appeal, and pursuant to the Rules of Practice of the Appellate Division, Third Department, his appeal was deemed abandoned on June 11, 2012. Appellate Division, Third Judicial Department Rules of Practice, 850.11(d) ("[A]n appeal authorized by the Criminal Procedure Law shall be deemed to have been abandoned where the appellant shall fail to apply for permission to proceed as a poor person and/or for assignment of counsel or shall fail to perfect the appeal within twenty-four months after the date of the notice of appeal"). If the abandonment of his appeal rendered Petitioner's appeal dismissed and constituted a final judgment, then his conviction would have become final on June 11, 2012. In such circumstances, the present Petition, dated August 22, 2018, would be untimely as it was filed over five years after the statute of limitations would have run on his claim.[4]

---

[4] The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders v. Senkowski*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which

However, "no court in this Circuit has ever held that an unperfected direct appeal, which has not been formally dismissed by the state court, can be deemed a 'final judgment' for habeas corpus purposes." *Best v. New York City Police Dep't Sex Offender Unit*, 2020 WL 2933441, at *3 (E.D.N.Y. June 3, 2020) (declining to determine that the petition was time-barred where the petitioner's notice of appeal was filed over a decade ago but the petition was silent as to the date the petitioner filed the notice of appeal and whether there was a dismissal of the appeal by the state court). Here, the Petition does not provide whether Petitioner's appeal was dismissed, and the record does not contain any documentation regarding a dismissal. As such, the Court recommends declining to find that Petitioner's claims are barred by the statute of limitations.

## IV. THE MERITS OF PETITIONER'S CLAIMS

### A. Coercion into Guilty Plea

Petitioner contends that he was coerced into taking a guilty plea. This claim appears to be based on his belief that his attorney was not sufficiently representing him, and so he chose to take the plea rather than risk a trial with insufficient counsel. Dkt. No. 1-1 at pp. 3 & 7; Traverse at p. 5 ("[I]f this petitioner at bar would not had agreed to this coercive plea agreement, with said defense counsel, who never showed, presented, or

---

an appeal from the denial of the motion was taken. *Saunders v. Senkowski*, 587 F.3d at 548; *Smith v. McGinnis*, 208 F.3d at 16. Petitioner's CPL § 440.10 motion would not have tolled the limitation period here, as it was filed over four years after June 11, 2012.

demonstrated any actual or factual, or legal defense, for this petitioner at bar to go to trial with said defense counsel would had been even more the suicide.").

"It is settled law that statements made in a plea allocation 'carry a strong presumption of verity.'" *Molina Rios v. United States*, 2019 WL 2524542, at *4 (W.D.N.Y. June 19, 2019) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). "[W]here a petitioner has explicitly stated in his allocution that he fully understands the consequences of his plea and that he has chosen to plead guilty after a thorough consultation with his attorney, a district court on habeas review may rely on the petitioner's sworn statements and hold him to them." *Scott v. Superintendent, Mid-Orange Corr. Facility*, 2006 WL 3095760, at *9 (E.D.N.Y. Oct. 31, 2006). The record in this case reflects that after being placed under oath, Petitioner specifically stated that he understood the charge to which he was pleading and the potential punishment, that he was not entering into the plea as a result of any coercion, and that he had sufficiently considered the matter with his counsel. SR. at pp. 6-10.

In particular, the Court asked Petitioner whether he understood the charge to which he had offered a plea of guilty, to which he responded "Yes, your Honor," and when asked if there was "anything about the details that I have read to you from the indictment which is inaccurate, incomplete, or incorrect in any way" Petitioner responded, "No, your Honor." SR. at p. 6. Petitioner was specifically asked "[i]s your plea the result of any

force or threat or coercion directed at you by anyone?," to which Petitioner responded, "No, your Honor." SR. at pp. 6-7. When asked if the plea was his "own voluntary act," he responded, "Yes." SR. at p. 7. He advised that he had not consumed any alcohol that day, had not taken or used within the past twenty-four hours any prescription or any drugs or medication of any type. SR. at p. 7. Petitioner was asked whether he had had "what you consider to be a sufficient opportunity to discuss this matter with Mr. Dumas [, his attorney,] and to decide what you wanted to do" to which he responded "Yes, your Honor," and Mr. Dumas was asked whether Petitioner's decision was "in any way contrary to [his] advice" to which Mr. Dumas stated "it is not, your Honor." SR. at p. 7. Petitioner also confirmed that he understood the potential punishment to which he would be sentenced. SR. at pp. 7-10. In accepting the plea, Petitioner waived his right to appeal anything other than the sentence and any constitutional issues. SR. at pp. 10-11.

In addition, "Petitioner's sworn statements during the plea colloquy contradict the notion that he was dissatisfied with counsel and are contrary to the claims of ineffective assistance he now alleges." *Fifield v. Hunt*, 2009 WL 4730322, at *6 (W.D.N.Y. Dec. 4, 2009); *see also Linares v. Smith*, 2020 WL 3545119, at *6 (E.D.N.Y. June 30, 2020) ("Petitioner's statements regarding coercion are refuted by his assurances during the plea colloquy that he was satisfied with counsel's services, that he had not been threatened or forced by anyone, including, specifically, his attorney, to enter the plea, and

that he was pleading voluntarily and of his own free will."); *Little v. United States*, 2006 WL 2361723, at *7 (D. Conn. Aug. 15, 2006) (petitioner's "own sworn statements at plea colloquy . . . represented both that he was satisfied with his defense counsel, and that his plea was free and voluntary.").

In deciding Petitioner's motion to vacate the sentence, the state court found that Petitioner received a "favorable plea bargain" which "limit[ed] his sentencing exposure." SR. at p. 133. This fact, together with Petitioner's representations under oath while taking the plea, belie his claim that his plea was coerced. As such, this claim provides Petitioner no ground for habeas relief.

### B. Pre-Plea Claims

Petitioner asserts a number of claims regarding alleged issues that occurred prior to his plea. He claims that he was denied a preliminary hearing, he was denied a jurisdictional transfer, that the grand jury procedure and his indictment were defective, and that the statute of limitations was violated in his prosecution. Pet. & Dkt. No. 1-1 at pp. 2, 4, & 5.

As for Petitioner's claims regarding the grand jury proceeding, the Second Circuit has held that claims arising from a grand jury proceeding are non-cognizable on habeas review because any alleged prejudice from deficiencies in the grand jury proceedings is cured by a subsequent conviction after trial. *See Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir.

11

1989) (stating that under *United States v. Mechanik*, 475 U.S. 66 (1986) "claims concerning a state grand jury proceeding are *a fortiori* foreclosed in a collateral attack brought in a federal court"); *Merritt v. Chappius*, 2015 WL 5711961, at *15 (N.D.N.Y. Sept. 29, 2015); *Ariola v. LaClair*, 2008 WL 2157131, at *12-13 (N.D.N.Y. Feb. 20, 2008) ("Courts in this Circuit have held that *Lopez*'s reasoning applies equally to a conviction based on a plea of guilty and accordingly have held that a defendant's guilty plea cured any possible deficiency in the grand jury proceeding.") (collecting cases). In general, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea. . . ." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Ariola v. LaClair*, 2008 WL 2157131, at *13.

      As for Petitioner's claim that the indictment was deficient, "[i]t is [] well-settled that challenges to the sufficiency of an indictment are generally not cognizable on habeas review." *U.S. v. Logan*, 845 F. Supp.2d 499, 518 (E.D.N.Y. Feb. 23, 2012) (collecting cases). "Challenges to state indictments are only cognizable on habeas review if the indictment falls below basic due process requirements. Due process requires that an indictment inform the defendant 'in general terms, of the time, place, and essential

12

elements of the crime.'" *Parrilla v. Goord*, 2005 WL 1422132, at *9 (S.D.N.Y. June 20, 2005) (quoting *Carroll v. Hoke*, 695 F. Supp. 1435, 1438 (E.D.N.Y. 1988) (additional citations omitted)). Here, in taking Petitioner's plea, the court advised Petitioner of the Penal Law section he was alleged to have violated, Section 130.65, and read Petitioner the indictment, as follows: "The defendant, in the – in or about April or May, 2009, in the town of Malone, in the County of Franklin, subjected a female infant, date of birth January 15, 2004, to sexual contact when the female infant is less than eleven years old." SR. at pp. 4 & 6. The indictment did not run afoul of the Constitution.

In addition, as for Petitioner's assertion that he was not provided the opportunity to testify before the local grand jury on his own behalf, Dkt. No. 1-1 at pp. 1-2, "[i]t is well established that defendants have no constitutional right to appear before a grand jury." *Webb v. LaClair*, 2014 WL 4953559, at *6 (S.D.N.Y. Sept. 30, 2014) (internal quotation marks omitted) (quoting *United States v. Ruiz*, 894 F.2d 501, 505 (2d Cir. 1990)). Similarly, as for Petitioner's claim that he was not provided a preliminary hearing as prescribed by law, Dkt. No. 1-1 at pp. 1-2, "there is no federal constitutional right to a preliminary hearing." *Kennedy v. LaClaire*, 2014 WL 297341, at *7 (W.D.N.Y. Jan. 27, 2014) (internal quotation marks omitted) (citations omitted) (collecting cases). As such, these claims must fail.

Petitioner also asserts speedy trial claims, in particular claiming that he was indicted nine months after his arrest. Dkt. No. 1-1 at p. 5. The state court found that Petitioner had not alleged any violation of a constitutional right to a speedy trial that would survive his guilty plea and waiver of appeal. SR. at p. 132. It stated that Petitioner's

> speedy trial arguments are instead confined to an alleged violation of his statutory right to a speedy trial, and an analogous claim based upon defendant's misapprehension of the 45 day period within which the People have to present a matter to a grand jury after a preliminary hearing lest the defendant be released from custody. Neither of these claims survive the defendant's guilty plea and have been further obviated by his appeal waiver. Nevertheless the Court observes there was no violation of the defendant's statutory speedy trial rights based on the facts before the Court.

SR. at p. 132. "[T]o the extent that [Petitioner] raises speedy trial violations based on New York criminal procedural law, a state statutory protection, his claim is not cognizable on federal habeas review. Accordingly, any CPL § 30.30 speedy trial claim is not a basis for relief in this Court." *McCray v. Capra*, 2017 WL 3836054, at *10 (N.D.N.Y. Aug. 31, 2017) (internal citations omitted) (collecting cases).

To the extent that Petitioner's petition here can be construed to assert a claim for a violation of his constitutional right to a speedy trial, the state court's determination that there was no violation was not contrary to, or an unreasonable application of, clearly established federal law. The right to a speedy trial is "amorphous." *Barker v. Wingo*, 407

14

U.S. 514, 522 (1972). The Court declines to determine whether the delay in indicting Petitioner was presumptively prejudicial, but finds there was no constitutional violation based on the *Barker* factors. The four factors to be considered are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 470 U.S. at 530.

As for length of the delay, nearly eleven months passed between the date Petitioner was arrested and the date of his sentencing. Delays of significantly longer duration have been found to not constitute a speedy trial violation. *See Irvis v. Haggat*, 2015 WL 6737031, at *16 (N.D.N.Y. Nov. 3, 2015) (collecting Second Circuit cases finding no speedy trial violation in delays of 17, 24, 33, and 58 months). As for his assertion of this right, Petitioner did raise this issue, at least in some form, in his CPL § 440.10 motion. Significantly, Petitioner does not make any argument or submit any evidence indicating that the delay prejudiced him, and there is no evidence that the Government intentionally delayed his prosecution. Indeed, the record contains a waiver of Petitioner's speedy trial rights in order for the prosecution's office to continue to review the matter. SR. at p. 101. *See, e.g., Irvis v. Haggat*, 2015 WL 6737031, at *16-17; *Emmons v. Artus*, 2011 WL 841345, at *8-10 (N.D.N.Y. Jan. 10, 2011) ("Neither [the petitioner] nor the record itself provide any reasons for the delay between arrest and trial, let alone any 'deliberate procrastination,' 'negligent inaction,' or other willful attempt by the state to gain 'a

tactical advantage.'"); *see also Flowers v. Warden*, 853 F.2d 131, 133-34 (2d Cir. 1988) (finding "significant hardship" from 17 months of pretrial incarceration insufficient to establish a constitutional violation).

### C. Ineffective Assistance of Counsel

Finally, Petitioner contends that he received ineffective assistance of counsel. In particular, he alleges that counsel coerced him into accepting a plea, and never filed motions or objected to violations of state and federal law. Dkt. No. 1-1 at pp. 3 & 6-7.

"To establish ineffective assistance of counsel 'a defendant must show both deficient performance by counsel and prejudice.'" *Premo v. Moore*, 562 U.S. 115, 121 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that but for counsel's alleged errors, the result of the proceedings would have been different. *Premo v. Moore*, 562 U.S. at 121-22; *accord Strickland v. Washington*, 466 U.S. at 694. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. at 104 (quoting *Strickland v. Washington*, 466 U.S. at 689). A person challenging a conviction thus must show "that counsel made errors so serious that counsel

16

was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. at 687. In addition, there is no requirement that defense counsel cede their professional judgment and standards to the unilateral requests of the defendant. The mere fact that a defendant's preferred litigation strategy differs from that of his counsel's does not make counsel's representation ineffective. *United States v. Rivernider*, 828 F.3d 91, 107 (2d Cir. 2016) ("A counseled defendant, however, has no automatic right to insist that his lawyer make motions that he would prefer be made . . . or to insist on new counsel whenever he and his attorney differ on strategy.") (internal citations omitted); *see also United States v. Sandford*, 342 F. Supp. 3d 333, 336 (W.D.N.Y. 2018).

Here, Petitioner alleges that his counsel refused to file motions regarding the violations of his due process that were occurring. Dkt. No. 1-1 at p. 3. Petitioner repeatedly asserts that counsel did "nothing" on his behalf and that he was not given meaningful representation; more specifically, he claims that his counsel did not file any motions and did not object in court for "the clear multiple state and federal violations." Dkt. No. 1-1 at p. 3.

The state court found Petitioner's ineffective assistance of counsel claim to be without merit. SR. at pp. 132-33. In particular, it found that

17

> Defendant's self serving affidavit is centered around his belief that he received ineffective assistance based on the alleged failure of his attorney to file various motions or raise objections to the procedural defects cited in the defendant's papers. However, mere failure to make a pretrial motion does not, by itself, constitute ineffective assistance. Further, there is nothing in the record to suggest that the defendant was deprived of the meaningful representation of counsel, especially in light of the favorable plea bargain he received limiting his sentencing exposure.

*Id.* (internal citation omitted). The assertions in the Petition are quite vague, and cannot meet the high bar of *Strickland*. *See*, *e.g.*, *Prelaj v. United States*, 2020 WL 3884443, at *7 (S.D.N.Y. July 9, 2020) ("[Petitioner's] ineffective assistance claim fails based on his conclusory allegation of failure to object to nebulous 'inaccurate facts' in the PSR."); *Kimbrough v. Bradt*, 949 F. Supp.2d 341, 355 (N.D.N.Y. 2013) ("It is well-settled in this Circuit that vague and conclusory allegations that are unsupported by specific factual averments are insufficient to state a viable claim for habeas relief."); *Wolfson v. U.S.*, 907 F. Supp.2d 418, 423-24 (S.D.N.Y. 2012) ("[W]hile the petitioner claims that his counsel should have objected more during trial, he does not explain what specific objections should have been made, nor how, because the objections were not made, he was prejudiced in any way. In order to succeed on a claim that counsel was ineffective by failing to object, a petitioner must posit a meritorious objection."); *Bennefield v. Kirkpatrick*, 741 F. Supp.2d 447, 452 (W.D.N.Y. 2010) ("On habeas review, '[p]etitioner's generalized and vague claims of counsel's ineffectiveness . . . are

insufficient to state a *Strickland* claim.'"); *Lin v. Fischer*, 2006 WL 3931592, at *5 (S.D.N.Y. Nov. 16, 2006) ("Lin has failed, however, to show that any of these alleged acts or omissions by Ollen were anything more than strategic. '[A]ttorneys are entitled to a strong presumption of competence. The reasonableness of the attorney's actions must be judged to the extent possible without the distorting effects of hindsight . . . and actions or omissions that might be regarded as sound trial strategy do not amount to ineffective assistance.'"); *Hartley v. Senkowski*, 1992 WL 58766, at *2 (E.D.N.Y. Mar. 18, 1992) ("In light of this demanding standard, petitioner's vague and conclusory allegations that counsel did not prepare for trial or object to errors carry very little weight.").

In addition, Petitioner fails to demonstrate, or even suggest, that the outcome in the proceeding would have been different had his counsel made the motions and objections to which Petitioner refers. As such, "the state court's application of the *Strickland* standard" was not unreasonable. *Harrington v. Richter*, 562 U.S. at 101.

## V. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a

constitutional right" as required by 28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[5] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 22, 2021
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).