UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTOPHER BAKER, JR.,

                    Petitioner,

    -against-                           9:18-CV-1048 (LEK/DJS)

THE STATE OF NEW YORK and
DEBORAH MCCULLOCH, *Executive
Director, Central New York Psychiatric
Center*,

                    Respondents.

## MEMORANDUM-DECISION AND ORDER

## I.      INTRODUCTION

Petitioner Christopher Baker commenced this *pro se* action on September 4, 2018

seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition").

Petitioner is currently confined at the Central New York Psychiatric Center due to a conviction

for Sexual Abuse in the First Degree based on a guilty plea made on March 22, 2010. Dkt. No.

11-2 ("State Court Record" or "SCR"), at 3–15. Petitioner seeks habeas relief on the following

grounds: (1) denial of a preliminary hearing, denial of jurisdictional transfer, ineffective

assistance of counsel; (2) defective grand jury procedure, legally insufficient indictment,

ineffective assistance of counsel; and (3) violation of statute of limitations of prosecution, and

ineffective assistance of counsel. See Pet. at 6–9.

On February 14, 2019, Respondent opposed the Petition, arguing it is time-barred and

that Petitioner's claims do not warrant habeas relief. See Dkt. No. 11-1 ("Response"). Petitioner

filed a traverse motion on March 25, 2019. Dkt. No. 12 ("Traverse").

Now before the Court is a Report-Recommendation filed by the Honorable Daniel J.

Stewart, recommending that the Court dismiss the action in its entirety. Dkt. No. 13 ("Report-

Recommendation"). For the reasons that follow, the Court approves and adopts the Report-

Recommendation.

## II.   BACKGROUND

### A.  Factual Allegations

Petitioner's factual allegations are detailed in the Report-Recommendation, familiarity

with which is assumed. See R. & R. at 3–4.

### B.  The Report-Recommendation

On July 22, 2021, Judge Stewart thoroughly reviewed each of Petitioner's claims and

found that, while they were not time-barred, they were without merit and did not warrant habeas

relief. See R. & R. at 8–19.

## III.   STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's

report-recommendation, the party "may serve and file specific, written objections to the proposed

findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely

filed, a court "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).

However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a

mere reiteration of an argument made to the magistrate judge, a district court need review that

aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013

WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07

(N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange,

748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL

3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV.     DISCUSSION

Petitioner did not file objections to the Report-Recommendation by August 9, 2021, when they were due pursuant to Fed. R. Civ. P. 6(d) and 6(a)(1)(C). See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 13) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**ORDERED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


DATED:        August 12, 2021
              Albany, New York


Lawrence E. Kahn
Senior U.S. District Judge

4